IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAY DANIELS SANDERS                                                                                          PLAINTIFF

v.                                        Civil No. 6:22-cv-06060-SOH-BAB

ISAAC RODRIGUEZ (USMS),                                                                                  DEFENDANTS
ALLEN CONSTANT (DFT Investigator),
STEPHEN ELROD (Garland County Sheriff's
Office),
SHERIFF MIKE McCORMICK (Garland
County),
JASON LAUERANCE (Garland County),
JANE DOE (Special Agent FBI), and
JOHN DOE (DEA)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint in the Eastern District of Arkansas on May 19, 2022. (ECF No. 1). It was transferred to this District on May 23, 2022. (ECF No. 3). On May 24, 2022, the

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

Court entered Orders directing Plaintiff to correct deficiencies in his *in forma pauperis* ("IFP") application and his Complaint. (ECF Nos. 5, 6). When Plaintiff failed to submit either of the documents, the Court entered a Show Cause Order on July 26, 2022. (ECF No. 7). Plaintiff filed his IFP application and Amended Complaint on August 22, 2022. (ECF Nos. 8, 9).

Plaintiff indicates that he was incarcerated in the Garland County Detention Center for a parole violation and pending new charges. (ECF No. 8 at 2). Plaintiff alleges that on January 27, 2022, Defendants violated his constitutional rights. (*Id*. at 5). Plaintiff names all Defendants for this claim in their individual capacity. (*Id*. at 5-6). Plaintiff alleges he was brought into the Garland County Detention Center and placed in an Interview Room, where "several different agents from different federal, local, and state agencies waited to interview me." (*Id*. at 5). The Jane Doe FBI agent started to read him his Miranda rights, and he asked for an attorney, at which point she stopped the interview. (*Id*.) With the exception of Defendant Constant, everyone left the room, including the Arkansas Community Correction ("ACC") officer. (*Id*. at 5). Plaintiff states that, by law, he is not to be questioned without his ACC Parole Officer present. (*Id*.). The John Doe DEA agent returned to the interview room, and both he and Defendant Constant tried to force a confession from him, as well as questioning him about other individuals. (*Id*. at 6). Plaintiff alleges he asked for an attorney several times, but they continued questioning him. (*Id*.). Plaintiff indicates he included the Garland County employees on the Complaint because they permitted the federal agents to "come and go without accountability." (*Id*.). Plaintiff alleges Defendant Rodriguez signed the Report of Witness for the state charges of possession. (*Id*.).

Plaintiff seeks compensatory and punitive damages. (*Id*. at 7). Plaintiff alleges that the abuse of power and misconduct by the John Doe DEA agent caused Defendant Constant to pursue possession charges for a "suspected mushroom." (*Id*.).

Plaintiff references an underlying state criminal case, but did not identify that case for the Court. Thus, the Court reviewed his state criminal record in Garland County. The case of *State v. Jay Daniels Sanders*, Case No. 26CR-22-181, was filed March 17, 2022.[2] Plaintiff is charged with a Class D felony for the possession of psilocybin mushrooms on January 27, 2022. Defendants Constant and Rodriguez are identified in the affidavit for the arrest warrant. The case remains open.

## II. LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal

---

[2] Available at Arkansas Court Connect. (last accessed September 6, 2022).

pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

Pursuant to *Younger v. Harris,* 401 U.S. 37 (1971), federal courts are required to abstain from hearing cases when "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland,* 76 F.3d 957, 959 (8th Cir. 1996)). Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to that proceeding should be raised there. *Meador v. Paulson*, 385 F. App'x 613 (8th Cir. 2010); *see also Gillette v. N. Dakota Disc. Bd. Counsel*, 610 F.3d 1045, 1046 (8th Cir. 2010). "If all three questions are answered affirmatively, a federal court should abstain unless it detects 'bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate'" *Night Clubs, Inc. v. City of Ft. Smith, Ark.*, 163 F.3d 475, 479 (8th Cir. 1998)(*quoting Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)).

When only equitable relief is sought, *Younger* "contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal to the state courts." *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973) (a § 1983 case involving only injunctive relief,

4

and not damages). In cases where damages are sought, the Eighth Circuit has noted that the Supreme Court instructs that traditional abstention principles generally require a stay as the appropriate mode of abstention rather than a dismissal. *Night Clubs, Inc.*, 163 F. 3d at 481. In *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996), the Court said:

> In those cases in which we have applied traditional abstention principles to damages actions, we have only permitted a federal court to withhold action until the state proceedings have concluded, that is, we have permitted federal courts applying abstention principles in damages actions to enter a stay, but we have not permitted them to dismiss the action altogether.

*Id*. at 730.

Here, Plaintiff's claim that his constitutional rights were violated on January 27, 2022, are intertwined with his state criminal case, *State v. Jay Daniels Sanders*, Case No. 26CR-22-181. As this case is still pending, the *Younger* abstention doctrine applies. Plaintiff does not contend that he cannot raise his claims in the state criminal case. Plaintiff has not identified any extraordinary circumstances that suggest this Court should interfere with the state criminal case. The state clearly has an important interest in enforcing its criminal laws. There are important interests in allowing state courts to administer their own cases. There is no reason Plaintiff cannot raise his federal claims in the state criminal case. It is therefore appropriate to stay Plaintiff's claims pending the conclusion of Plaintiff's state criminal case.

## IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 8) be STAYED and ADMINISTRATIVELY TERMINATED pending the resolution of Plaintiff's state criminal case. Plaintiff will have thirty (30) days after the final resolution of his pending criminal case to file a Motion to Reopen this case. Failure to file the Motion by the deadline will result in the summary dismissal of this case.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **13th day of September 2022**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE